UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

JEFFREY HAYES DANIEL,           )
                                )
        Plaintiff               )
                                )
    v.                          )    CIVIL ACTION NO.: 4:12-CV-64
                                )    (Mattice/Carter)
CAROLYN W. COLVIN,              )
    Commissioner of Social Security, )
                                )
        Defendant               )

REPORT AND RECOMMENDATION

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b) and Rule 72(b) of the Federal Rules of Civil Procedure for a Report and Recommendation regarding the disposition of the plaintiff's Motion for Judgment on the Administrative Record (Doc. 13) and defendant's Motion for Summary Judgment (Doc. 15).

This action was instituted pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying the plaintiff a period of disability and disability insurance benefits under the Social Security Act, 42 U.S.C. §§ 416(I) and 423.

For reasons that follow, I RECOMMEND the decision of the Commissioner be AFFIRMED.

Plaintiff's Age, Education, and Past Work Experience

Plaintiff was born in 1963 and was 47 years old on December 31, 2010, the date he was last insured for DIB (Tr. 70, 155). Plaintiff alleged he became disabled following an accident at work (Tr. 39, 291). He alleged a disability onset date of September 29, 2005 (Tr. 18).

1

Plaintiff has a high school education (Tr. 39) and past relevant work experience as a millwright (Tr. 54, 183-84).

## Claim for Benefits

Plaintiff applied for Disability Insurance Benefits (DIB) on October 1, 2009 (Tr. 70). His application was denied initially and upon reconsideration (Tr. 70-71). Plaintiff requested a hearing before an administrative law judge (ALJ), who issued a decision, dated June 29, 2011, finding Plaintiff not disabled (Tr. 18-28). Plaintiff timely pursued his administrative remedies, and this case is now ripe for review under 42 U.S.C. § 405(g).

## Standard of Review - Findings of the ALJ

To establish disability under the Social Security Act, a claimant must establish he/she is unable to engage in any substantial gainful activity due to the existence of "a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990). The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. § 404.1520. The following five issues are addressed in order: (1) if the claimant is engaging in substantial gainful activity he/she is not disabled; (2) if the claimant does not have a severe impairment he/she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment he/she is disabled; (4) if the claimant is capable of returning to work he/she has done in the past he/she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy he/she is not disabled. *Id.* If the ALJ makes a dispositive finding at any step, the inquiry ends without proceeding to the

next step. 20 C.F.R. § 404.1520; *Skinner v. Secretary of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990).

Once, however, the claimant makes a prima facie case that he/she cannot return to his/her former occupation, the burden shifts to the Commissioner to show that there is work in the national economy which he/she can perform considering his/her age, education and work experience. *Richardson v. Secretary, Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review by this Court is whether the findings of the Commissioner are supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 28 L. Ed. 2d 842, 92 S. Ct. 1420 (1971); *Landsaw v. Secretary, Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Even if there is evidence on the other side, if there is evidence to support the Commissioner's findings they must be affirmed. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). The Court may not reweigh the evidence and substitute its own judgment for that of the Commissioner merely because substantial evidence exists in the record to support a different conclusion. The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes there is a zone of choice within which the decision makers can go either way, without interference by the courts. *Felisky v. Bowen*, 35 F.3d 1027 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Secretary, Health and Human Servs.*, 790 F.2d 450 n. 4 (6th Cir. 1986).

After considering the entire record, the ALJ made the following findings:

1. The claimant meets the insured status requirements of the Social Security Act on December 31, 2010.

2. The claimant did not engage in substantial gainful activity during the period

3

from his alleged onset date of September 29, 2005, through his date last insured of December 31, 2010 (20 CFR 404.1571 *et seq.*).

3.  Through the date last insured, the claimant had the following combination of severe impairments: degenerative disc disease of the cervical spine, left shoulder pain, mild sleep apnea, obesity, hypertension, hyperlipidemia, and depression (20 CFR 404.1520(c)).

4.  Through the date last insured, the claimant does not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).

5.  After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except that he can only occasionally perform overhead reaching; he can carry out 1 or 2 step instructions with no significant problems; he can maintain attention and concentration for 2 hour periods; he can interact appropriately with others; he has no significant difficulties adapting to work changes; and he should avoid working around strong vibrations.

6.  Through the date last insured the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7.  The claimant was born on September 18, 1963 and was 47 years old, which is defined as a younger individual 18-49, on the date last insured (20 CFR 404.1563).

8.  The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9.  Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569, 404.1569(a)).

11. The claimant was not under a disability, as defined in the Social Security Act, from September 29, 2005, the alleged onset date, through December 31,

2010, the date last insured (20 CFR 404.1520(g)).

(Tr. 20-28).

## Issues Raised

For the following reasons, Plaintiff argues substantial evidence does not support the ALJ's residual functional capacity assessment:

> I. The ALJ erred in rejecting the opinions of treating physician, Dr. Douglas Haynes, treating phychiatrist, Dr. Okpaku, and consultative examiner, Dr. Blevins.
>
> II. The ALJ erred in his assessing the credibility of Plaintiff's subjective complaints because he failed to properly apply the regulatory factors found in SSR 96-7p and 20 C.F.R. Section 404.1529.

## Relevant Facts

### Medical Evidence

Plaintiff's medical treatment is set forth in detail in the ALJ's Administrative Decision (Tr. 23-26) and in Plaintiff's memorandum. I will not repeat it here but will refer to relevant portions of it in the analysis section.

### Hearing Testimony

A. Plaintiff's Testimony

Plaintiff's attorney proffered that Plaintiff was injured while working as a subcontractor for Bridgestone Tire Plant in September 2005, had an injury to his neck and a rotator cuff tear to his left shoulder, and received treatment from Dr. Haynes, who gave an opinion that Plaintiff was significantly restricted by pain (Tr. 38). Plaintiff testified he takes pain medications and does get some relief from pain. On a scale of zero to 10 the medication brings his pain from an 8 ½ -9 down to 7-7 ½ . Side effects of medications cause him to be sleepy, dizzy and confused

5

(Tr. 42-43). Plaintiff alleged trouble sleeping and withdrawal from friends and limitations going to his daughter's school events (Tr. 47). He alleged weight gain and difficulty focusing, but indicated he tried to do work around the house such as mopping and sweeping for an hour or two hours at the most (Tr. 48, 49). Plaintiff denied doing grocery shopping but does drive 10 to 15 miles if he has to. He indicated difficulty in sitting, standing and walking and the need to get his neck and shoulder to relax (Tr. 50). Plaintiff denied having any hobbies. He used to go to Nascar races once in a while, but he no longer does that. He indicated he has difficulty lifting but believes he can lift about ten pounds, however, it intensifies his neck pain (Tr. 52-53).

### B. Vocational Expert's Testimony

The vocational expert ("VE") testified Plaintiff has past relevant work as a millwright which is classified as heavy and skilled. Due to his severe impairments, he is unable to perform the demands of his past relevant work as they exceed the limitations of his residual functional capacity. The VE also testified that such limitations preclude performance of his past relevant work. She testified that if Dr. Haynes' assessments were correct, Plaintiff could perform no work (Tr. 54-56). The Administrative Law Judge asked the VE whether jobs exist in the national economy for an individual with Plaintiff's age, education, work experience, and a residual functional capacity of light exertion who can only frequently as opposed to constantly perform overhead reaching; assume that he could carry out one-to-two step instructions with no significant problem, that he can maintain attention and concentration for two-hour periods; that he can interact appropriately with others; that he has no significant difficulty adapting to work changes, but he should avoid strong vibrations. The VE testified that given all of these factors the individual would be able to perform the occupation of assembler (3,300 jobs in the region

6

and 108,000 jobs in the nation); inspector (900 jobs in the region and 36,000 jobs in the nation); and grader sorter (800 jobs in the region and 31,000 jobs in the nation). The VE claimed the relevant region as the State of Tennessee. However, if he had to take naps during the day at unscheduled times lasting around an hour or more each time he would be unable to perform these occupations (Tr. 55).

The VE was later asked if the hypothetical individual could do no overhead reaching at all would there be jobs he could perform. The VE indicated that a restriction of no overhead reaching would reduce the available jobs by 30% (Tr. 57).

Analysis

Plaintiff argues the ALJ erred: 1) in rejecting the opinion of treating physician, Dr. Douglas Haynes, treating psychiatrist, Dr. Okpaku and consultative examiner, Dr. Blevins and 2) in his evaluation of Plaintiff's subjective complaints by failing to follow factors set forth in SSR 96-7p and 20 C.F.R. § 404.1529 and in making conclusory credibility findings.

Plaintiff is therefore arguing the decision is not supported by substantial evidence.

The ALJ found Plaintiff was significantly limited due to his impairments, but was not disabled because he retained the residual functional capacity to perform light work with additional limitations of occasional overhead reaching; carrying out 1 or 2 step instructions with no significant problems; maintaining attention and concentration for 2 hour periods; being able to interact appropriately with others; having no significant difficulties adapting to work changes but avoiding work around strong vibrations (Tr. 22). For reasons that follow, I agree with the Commissioner that the record as a whole supports the ALJ's findings regarding the nature and severity of Plaintiff's limitations and supports the weight given to the opinions before him. The

7

ALJ considered Plaintiff's allegations of disabling symptoms and limitations, but found they were less than credible and explained his analysis.  I conclude the ALJ's residual functional capacity finding accommodated the limitations supported by the credible evidence in the record.

The Treating Physician Rule:

Plaintiff argues the ALJ did not accord proper weight to Dr. Haynes' opinion that Plaintiff could work one hour per day and lift only up to ten pounds and the opinions of Dr. Okpaku and consultative examiner, Dr. Blevins.  In general, the opinions of treating physicians are accorded greater weight than those of physicians who examine plaintiffs only once.  *See Kirk v. Secretary of Health and Human Servs.,* 667 F.2d 524, 526 (6th Cir. 1981), cert. denied, 461 U.S. 957, 103 S.Ct. 2428, 77 L.Ed.2d 1315 (1983).  In fact, pursuant to agency regulations, if the Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of [a plaintiff's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record, [the Commissioner] will give it controlling weight."  20 C.F.R. §404.1527(d)(2) (1997). However, the ALJ is not always bound to accept the treating physician's opinion.

The opinions of treating physicians are to be given great weight only if they are supported by sufficient clinical evidence and are consistent with the evidence.  *Walters v. Commissioner of Social Security*, 127 F.3d 525, 530 (6th Cir. 1997); *see also*, *Hardaway v. Secretary of Health and Human Servs.*, 823 F.2d 922 , 927 (6th Cir. 1987) (per curiam) (the Commissioner is not bound by a treating physician's opinion if there is substantial evidence to the contrary).   Although an ALJ is required to consider medical source opinions along with the

8

other relevant evidence to arrive at an ultimate residual functional capacity finding, the determination of disability is ultimately the prerogative of the ALJ—not the treating physician. *See Warner v. Comm'r of Soc. Sec.*, 375 F.3d 387, 390 (6th Cir. 2004). A treating source's medical opinion is entitled to controlling weight only when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2), *quoted in Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 877 (6th Cir. 2007).

If the ALJ does not give controlling weight to a treating physician's medical opinion, the ALJ should apply the factors listed in 20 C.F.R. § 404.1527(d)(2)-(6) to determine how much weight to give the opinion, and provide "good reasons" for the weight given to the opinion. 20 C.F.R. § 404.1527(d)(2); *see also Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003) ("If the treating physician's opinion is not supported by objective medical evidence, the ALJ is entitled to discredit the opinion as long as he sets forth a reasoned basis for h[is] rejection.").

In this case, a treating physician, Dr. Haynes, gave an opinion which if accepted would be disabling. The ALJ declined to afford controlling or significant weight to Dr. Haynes' opinion because Dr. Haynes' opinion was "inconsistent with other substantial evidence of record" (Tr. 13). *See* 20 C.F.R. § 404.1527(d)(4) ("the more consistent an opinion is with the record as a whole, the more weight we will give to that opinion").

Here, the ALJ discounted the opinions of Drs. Haynes and Okpaku to the extent they indicated Plaintiff was more limited than the RFC assessment because such opinions were not supported by objective medical evidence (Tr. 26).

9

Dr. Haynes opined in April 2007 that Plaintiff suffered from limitations that would render him disabled including an inability to work more than 1 hour per day and an inability to sit or stand more than 30 minutes at a time (Tr. 281). Dr. Haynes also opined that Plaintiff could lift no more than 10 pounds occasionally and 5 pounds frequently (Tr. 281). However, as the Commissioner argues, there are no objective findings in Dr. Haynes's treatment notes that support the existence of the debilitating limitations indicated in his opinion (Tr. 291-311, 462-63, 494-95). Based on the objective medical evidence obtained soon after the work accident that Plaintiff alleges rendered him disabled, which included a shoulder MRI, x-rays, a cervical spine MRI, EMG's and nerve conduction velocities of his left arm, and a CT myelogram of his cervical spine, Dr. Haynes found Plaintiff could return to work and lift between 30 and 50 pounds (Tr. 291-99). This assessment is consistent with Dr. Lamb's finding that the evidence reveals no significant "orthopedic or neurologic problem" (Tr. 491). This supports the ALJ's conclusion that Dr. Haynes' opinion was not supported by objective medical evidence, but was instead based on Plaintiff's subjective complaints (Tr. 26).

The ALJ properly concluded that Dr. Okpaku's opinion was based on Plaintiff's subjective complaints, and not objective medical findings (Tr. 26). Dr. Okpaku opined in December 2010 that Plaintiff suffered from limitations that would render him disabled including poor-to-no ability to deal with work stresses or maintain attention and concentration (Tr. 496-98). However, Dr. Okpaku's treatment notes do not document any tests or examinations he performed to arrive at this conclusion (Tr. 499-511). The treatment notes simply document Plaintiff's subjective complaints (Tr. 499-511). Dr. Okpaku's opinion was not supported by objective medical evidence but was based on Plaintiff's subjective complaints (Tr. 26).

When a treating medical source's opinion is based on a claimant's subjective complaints and an ALJ properly finds the claimant's subjective complaints not credible, the ALJ can discount the treating medical source's opinion. See Smith, 482 F.3d at 877. Here, the ALJ properly found that Plaintiff's subjective complaints were not credible (Tr. 26). Accordingly, the ALJ's discounting of the opinions of Drs. Haynes and Okpaku, which relied on Plaintiff's subjective complaints, was proper.

Consultative examiner Timothy Fisher, D.O. examined Plaintiff in January 2010 (Tr. 416-19). Dr. Fisher found Plaintiff could stand and walk up to 8 hours per day (Tr. 419). Furthermore, Dr. Fisher found Plaintiff could lift up to 10 pounds frequently and up to 25 pounds occasionally (Tr. 419). Dr. Fisher's opinion supports the ALJ's RFC finding that Plaintiff could perform light work (Tr. 22, 24), which consists of lifting or carrying no more than 20 pounds at a time and up to 10 pounds frequently and standing or walking up to 6 hours in an 8-hour workday. See Social Security Ruling (SSR) 83-10, 1983 WL 31251. Dr. Fisher also opined Plaintiff could not lift above his shoulders with either of his upper extremities (Tr. 419). It appears the ALJ misread this line of Dr. Fisher's opinion because the ALJ's decision indicates Dr. Fisher opined Plaintiff could lift above his shoulders with either upper extremity (Tr. 24). However, even if the ALJ limited Plaintiff to no overhead reaching rather than occasional overhead reaching (Tr. 22), a finding of not disabled was still warranted because the VE identified a significant number of jobs in the national economy that a hypothetical individual with the same limitations as those in Plaintiff's RFC, plus the inability to do any overhead reaching, could perform (Tr. 55-57). See Hall v. Bowen, 837 F.2d 272, 275 (6th Cir. 1988) (finding the existence of 1350 jobs in the local economy evidenced the existence of a significant

11

number of jobs in the national economy). I agree with the Commissioner that the ALJ's misreading of Dr. Fisher's opinion did not prejudice Plaintiff, and does not warrant remand. See Nat'l Labor Relations Bd. v. Wyman-Gordon Co., 394 U.S. 759, 766 n.6 (1969) (stating that remand of an administrative decision is inappropriate when it would amount to "an idle and useless formality"); Rabbers v. Comm'r of Soc. Sec., 582 F.3d 647, 654 (6th Cir. 2009) (stating that remand is only appropriate when the claimant has been prejudiced by a deficiency in the ALJ's decision).

Consultative examiner Stephen Hardison, M.A., a licensed senior psychological examiner, also examined Plaintiff in January 2010 (Tr. 422-25). Following this examination, Mr. Hardison concluded Plaintiff could remember and carry out one and two-step instructions (Tr. 424). Mr. Hardison also found Plaintiff's ability to sustain concentration and attention was only mildly to possibly moderately limited (Tr. 424). Mr. Hardison found Plaintiff's ability to interact well with coworkers, supervisors, and the general public was no more than mildly limited (Tr. 424). Mr. Hardison found Plaintiff's ability to respond appropriately to changes in a routine work setting was not significantly limited (Tr. 424).

State agency medical consultant Rudy Warren, M.D. reviewed Mr. Hardison's report along with the other evidence within the record at the time of his evaluation (Tr. 435-52) and concluded Plaintiff could understand and remember short and simple instructions, maintain attention and concentration for 2-hour periods, and interact appropriately with supervisors, coworkers, and the general public (Tr. 449-51). Dr. Warren also found Plaintiff was not significantly limited in responding appropriately to changes in the work setting (Tr. 450-51). Thus, the opinions of Mr. Hardison and Dr. Warren support the ALJ's mental RFC findings

including that Plaintiff can carry out one and two-step instructions, maintain attention and concentration for 2-hour periods, interact appropriately with others, and adapt to work changes with no significant difficulties (Tr. 22, 24-26).

The opinions of John Lamb, M.D. and James Walker, Ph.D. also support the ALJ's RFC assessment (Tr. 22, 24-25). Dr. Lamb reviewed Plaintiff's medical records in April 2010 and found "no significant evidence of an orthopedic or neurologic problem" (Tr. 491). Thus, Dr. Lamb's opinion further supports the ALJ's physical RFC assessment. Dr. Walker examined Plaintiff in May 2010 and following this examination, he assigned Plaintiff a global assessment of functioning score (GAF) of 60, which corresponds to only moderate difficulties in functioning (Tr. 475). See American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. Rev. 2000) (DSM-IV-TR) (stating that a GAF score between 51-60 corresponds to moderate symptoms or moderate difficulty in functioning and that a GAF score between 61-70 corresponds to mild symptoms or some difficulty in functioning) (copy of cited page attached). Thus, Dr. Walker's opinion further supports the ALJ's mental RFC assessment.

These opinions demonstrate that substantial evidence supports the ALJ's RFC assessment. I therefore reject Plaintiff's argument that the ALJ erred in failing to include additional limitations in the RFC assessment. I conclude the Commissioner's final decision must be affirmed. See Smith, 482 F.3d at 877 (holding the ALJ's RFC assessment could not be set aside because substantial evidence supported it).

The ALJ also properly discounted the opinion of consultative examiner Melvin Blevins, M.D. (Tr. 26). The ALJ indicated that he discounted Dr. Blevins's opinion because it, too, was not supported by objective medical evidence (Tr. 26). Substantial evidence supports this

13

finding. Dr. Blevins opined Plaintiff suffered from several disabling limitations including an inability to sit, stand, or walk for a total of 8 hours in an 8-hour workday (Tr. 518-21). As the Commissioner notes, Dr. Blevins's examination report does not indicate any problem with Plaintiff's legs (Tr. 516-17); thus, the limitation on standing and walking is based solely on Plaintiff's subjective complaints, which as explained below, the ALJ properly discredited (Tr. 26). Similarly, Dr. Blevins's opinion that Plaintiff's pain is so severe that it constantly interferes with his attention and concentration (Tr. 519) and his opinion that Plaintiff would be absent from work more than four times per month (Tr. 519) are also not explained by the reported results of his examination (Tr. 516-17). Thus, objective medical evidence does not support Dr. Blevins' opinion, and the ALJ properly discounted it. See 20 C.F.R. § 404.1527(c)(3) (stating that when assigning weight to a medical opinion, the ALJ should consider the extent to which the opinion is supported by objective medical evidence). Dr. Blevins's opinion also could be discounted because it does not refer to Plaintiff's condition during the relevant period. The ALJ's decision pertains to Plaintiff's condition from September 29, 2005, the alleged onset date, through December 31, 2010, the last day on which Plaintiff was insured for DIB (Tr. 28). Dr. Blevins's opinion relates to Plaintiff's condition on May 18, 2011, the day that he examined Plaintiff (Tr. 515-21). Thus, Dr. Blevins' opinion was arguably not pertinent to the ALJ's inquiry. See Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993) (finding evidence regarding the claimant's condition outside of the time period considered by the ALJ was not relevant).

The ALJ's Assessment of the Credibility of Plaintiff's Subjective Complaints:

The ALJ properly found that Plaintiff's subjective complaints were not credible to the

14

extent that they were inconsistent with his RFC assessment (Tr. 26). An ALJ's determination regarding the credibility of a claimant's subjective complaints is entitled to deference so long as the determination is "reasonable and supported by substantial evidence." Jones v. Comm'r of Soc. Sec., 336 F.3d 469, 476 (6th Cir. 2003). In this case, the ALJ discredited Plaintiff's subjective complaints because the record indicated Plaintiff was magnifying and exaggerating his problems (Tr. 26). Substantial evidence supports the ALJ's conclusion. Dr. Walker found Plaintiff had "a style of magnifying and exaggerating his problems, particularly his physical ones." Dr. Walker based this finding on tests he administered which identified Plaintiff as a person who was greatly magnifying his physical debility and as a person who was compensation-seeking rather than a genuine chronic pain patient (Tr. 474-75). Plaintiff's complaints of disabling limitations were not supported by objective medical evidence and were inconsistent with the substantial evidence detailed above (Tr. 26). Therefore, I conclude the ALJ's discrediting of Plaintiff's subjective complaints was reasonable and supported by substantial evidence. As the Commissioner concedes, the ALJ should not have referenced the fact that Plaintiff's wife and child receive disability benefits in explaining his credibility assessment (Tr. 26). Despite this reference, the ALJ provided a reasonable explanation for discrediting Plaintiff's subjective complaints, and that explanation is supported by substantial evidence.

Conclusion

For the reasons stated herein, I conclude there is substantial evidence to support the conclusion of the ALJ and I therefore RECOMMEND[1] the Commissioner's decision be AFFIRMED.

I further RECOMMEND

(1) The plaintiff's Motion for Judgment on the Administrative Record (Doc. 13) be DENIED,

(2) The defendant's Motion for Summary Judgment (Doc. 15) be GRANTED, and

(3) The case be DISMISSED.

S/*William B. Mitchell Carter*
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S.Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).